**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHRIS WARD, ADC # 651503                                                                    PLAINTIFF

v.                                          5:16CV00119-KGB-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction; *et al.*                                                          DEFENDANTS

**ORDER**

**I.    APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Plaintiff, Chris Ward, is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") (Doc. No. 1). Plaintiff has made a proper showing required by 28 U.S.C. § 1915(a) and his Application is GRANTED.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.[1] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious,**

---

[1]Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

**fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall assess an initial partial filing fee of **$24.24**. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Director of the Arkansas Department of Correction shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the account, the Director of the Arkansas Department of Correction shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.   PLAINTIFF'S COMPLAINT**

Plaintiff brings this action against fifty-eight defendants, nineteen of whom are unidentified. (Doc. No. 2 at 2-3.) His claims are varied and unrelated, ranging from purported violations of his due process rights at prison disciplinary hearings to allegations of inadequate medical care. (*Id*. at 5-6.) Interspersed among his more concrete allegations are vague complaints about the difficulties inherent in prison life. He alleges, for instance, that "[w]e are limited as to what and how much property we are allowed" and that "[w]e are forced to live with violence, to remain in violent

situations or be punished." (*Id*. at 7.) This Complaint cannot be prosecuted in its current state. It is well established that allegations against multiple parties must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee. He is reminded that **any claims against multiple defendants must arise out of a single transaction or occurrence.**

### III. PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY

Plaintiff's Motion for Additional Discovery (Doc. No. 5) will be denied as premature. Issues of discovery will not be taken up until this suit is screened and any relevant defendants are served.

### IV. PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. Additionally, the Court will not consider claims stated in

notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## V. LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## VI. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) is GRANTED.

2. As Plaintiff's present custodian, the Director of the Arkansas Department of Correction or her designee shall collect from Plaintiff's institutional account an initial partial filing fee of **$24.24** and forward that amount to the Clerk of this Court. The payment must be clearly identified by the name and number assigned to this action.

3. Thereafter, the Director of the Arkansas Department of Correction or her designee, or any future custodian, shall collect from Plaintiff's institutional account the balance of the filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly

identified by the name and number assigned to this action.

4. The Clerk of the Court shall send a copy of this Order to: (1) the Warden of the Varner Unit of the Arkansas Department of Correction, P.O. Box 600, Grady, AR 71644-0600; (2) the ADC Trust Fund Centralized Banking Office, Post Office Box 8908, Pine Bluff, Arkansas 71611; and (3) the Arkansas Department of Correction Compliance Office, Post Office Box 20550, Pine Bluff, Arkansas 71612-0550.

5. Plaintiff's Motion for Additional Discovery (Doc. No. 5) is DENIED without prejudice.

6. The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file within 30 days of the date of this Order.

7. Plaintiff's Complaint, as it now stands, is deficient and some or all of his claims may be dismissed after thirty (30) days of the date of this Order.

DATED this 19th day of April, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE