**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHRIS WARD, ADC # 651503                                                      PLAINTIFF

v.                                                5:16CV00119-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*,                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.    INTRODUCTION

Chris Ward ("Plaintiff") is an inmate of the Varner Unit of the Arkansas Department of Correction ("ADC"). He filed a pro se Complaint pursuant to 42 U.S.C. § 1983, alleging numerous Defendants have violated his constitutional rights in a number of ways. (Doc. No. 2) Plaintiff has sued fifty-eight defendants, nineteen of whom are unidentified. (Doc. No. 2 at 2-3) His claims are varied and unrelated, ranging from alleged unconstitutional conditions of confinement to purported violations of his due process rights at prison disciplinary hearings to allegations of inadequate medical care. (Id. at 5-6)

Given the state of his Complaint, I entered an order on April 19, 2016, notifying Mr. Ward, "This Complaint cannot be prosecuted in its current state. It is well established that allegations against multiple parties must arise out of the same transaction or occurrence. See Fed. R. Civ. P. 20(a)(2)." (Doc. No. 6 at 3) I invited Mr. Ward to amend his Complaint with instructions on how to proceed. (*Id.*) Mr. Ward chose not to amend his Complaint.

## II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.    ANALYSIS

As previously noted, Mr. Ward has alleged multiple, unrelated claims, and they are unsuited to prosecution in a single action.  *See* Fed. R. Civ. P. 20(a)(2).  Therefore, I will analyze his first claim regarding his allegations of unconstitutional conditions of confinement.  Mr. Ward's other claims – claims of deliberate indifference to his serious medical needs (Doc. No. at 4, 5), claims regarding mail (*Id*. at 5), failure to protect claims  (*Id.* at 7), freedom of religion claims (*Id.* at 8-9), failure to train claims (*Id.* 10-11), property claims (*Id.* 9-11, 15), due process claims and claims regarding the  grievance process (*Id*. at 10, 13-14), retaliation claims (*Id*. at 11-12, 15), and false disciplinary claims (*Id.* at 13, 16) – should be dismissed without prejudice so he may file them in separate lawsuits if he so chooses.  None of these claims are sufficiently related to proceed in a single

action, and Plaintiff should not be allowed to defeat filing fee requirements by joining multiple causes of action in one suit.

Mr. Ward had made extensive claims that his conditions in the ADC are in violation of the Eighth Amendment. He complains, *inter alia*, that inmates are not allowed any input into choosing the jobs they are assigned, are not paid for their work, are punished for not working satisfactorily, are not provided proper equipment to perform the work, are not allowed training or to learn trades, are not allowed to conduct business as free men, are forced to be dependent on the state, are not allowed to review their files, are housed in unsatisfactory facilities, are denied information about current events and news, are not allowed to engage in sexual relations, are limited on the amount of property they may have, are forced to live with violence and offensive sexual behavior, are not allowed to view pornography, are not allowed to shower as needed, are not allowed to remove shirts during outside recreation, and are forced to endure prison officials using profanity and belittling inmates. (*Id.* at 4-16) Plaintiff also states that the commissary would not sell him batteries, envelopes, and hygiene products because he was on restriction, the mail and phone being censored prevents him from fully expressing himself, punitive isolation does not offer any type of news, the barracks constant lighting causes sensory and psychological problems, and he was disallowed the opportunity to participate in special projects. (*Id.*) After carefully reviewing these claims, I find they should be DISMISSED.

The "Constitution does not mandate comfortable prisons" or that prisons "be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). But neither does it permit inhumane ones, and it is well settled that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Davis v. Oregon*

*Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010).  The Eighth Amendment imposes a duty upon prison official to provide humane conditions of confinement.  *Farmer*, 511 U.S. at 832; *Aswegan v. Henry*, 49 F.3d 461, 463 (8th Cir. 1995).  This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates.  *Farmer*, 511 U.S. at 832.  To state an Eighth Amendment violation, the prisoner must allege that: (1) from an objective viewpoint, the defendant's conduct deprived the prisoner of the minimal civilized measure of life's necessities, and (2) when viewed subjectively, the defendants acted with deliberate indifference to the prisoner's health and safety.  *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

Mr. Ward's claims – on their face – fail to state any violations of the Eight Amendment.   In fact, the majority of Mr. Ward's claims are frivolous.  His claims of not being assigned the job of his choice, not being paid for work, being punished for not working satisfactorily, not being allowed to conduct business as free men, being forced to be dependent on the state, not being allowed to review prison files, not being allowed to engage in sexual relations, being limited on the amount of property they may have, not being allowed to view pornography, not being allowed to shower as needed, not being allowed to remove shirts during outside recreation, being forced to endure prison officials using profanity and belittling inmates, being denied commissary items while on restriction, being prevented from fully expressing himself because of censoring, and being denied the opportunity to participate in special projects are all frivolous.

Plaintiff has raised other claims that may not be frivolous, but fails to state a claim upon which relief may be granted.  For example, Plaintiff states, "I was in punitive isolation, it was so hot I got headaches and my vision would blur."  (Doc. No. 2 at 6)  He further states Ms. Meadows blocked the air flow at the bottom of door and when asked why she did this, "she stated she didn't

know." (*Id.*) While it appears Plaintiff was in very uncomfortable living conditions, his claims fail to show anyone acted with deliberate indifference.

Plaintiff's claim regarding being subjected to violence and offensive sexual behavior also fails to state an Eighth Amendment claim. (*Id.* at 7) Again, there is no suggestion that prison officials acted with deliberate indifference. Plaintiff mainly complains that his grievance complaining about these activities was denied. (*Id.*) He makes conclusory claims that officials have the power to "fix this" but allow the activities to occur causing further injury to Plaintiff. (*Id.*) I find this fails to state a claim upon which relief may be granted.

Plaintiff says the "constant light, the extreme amount of light, even after 'lights out' is a way to mess with our sensory, psychological warfare on our minds." (*Id.* at 10) Again, Plaintiff mainly complains about the grievance process saying officials "had a part in denying my grievance being deliberately indifferent. . . ." (*Id.*) Regardless, his allegation is that "lights out" is "only from 10:30 p.m. to 4 a.m., but very often the lights get turned on at breakfast chow which is earlier." (*Id.*) I find no Eighth Amendment claim because by Plaintiff's own statement there is no deprivation of the minimal civilized measure of life's necessities.

Plaintiff's claim about being denied property, religious text, legal papers, and a toothbrush for almost seventy-two hours also fails show a constitutional conditions of confinement violation. (*Id.* at 11) Mr. Ward experienced these conditions while being placed in administrative segregation. Placement in punitive isolation is not considered atypical and significant even though a prisoner faces restrictions in privileges and personal possessions. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship," and held that the absence of contact visitation, exercise privileges, and chapel rights for 37 days did not constitute an atypical and significant

6

hardship).

With regard to his claims regarding access to news and newspapers (Doc. No. 2 at 7), I note a prison cannot deny access to media without good cause. *Cooper v. Schriro*, 189 F.3d 781 (8th Cir. 1999). But here, there was good cause because he says he was not offered any type of news while "on punitive."

Additionally, Plaintiff's fails to allege sufficient injury in almost all of his claims. The Prison Litigation Reform Act provides that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, a prisoner cannot sustain an Eighth Amendment claim without proof of an actual injury. *See Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000); *Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998). Because Plaintiff fails to allege he sustained an actual physical injury as a result of the conditions of his confinement, the Court finds that these claims should be DISMISSED.

## IV.    CONCLUSION

I have carefully reviewed his Complaint and accompanying documents and find Plaintiff claims are frivolous and he has failed to state a claim upon which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice as frivolous and for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 14th day of July, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE