IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHRIS WARD, ADC # 651503**                                                                                   **PLAINTIFF**

v.                              Case No. 5:16-cv-00119 KGB-JJV

**WENDY KELLEY, Director, Arkansas**
**Department of Correction;** *et al.*                                                                      **DEFENDANTS**

# ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 13). Plaintiff Chris Ward filed objections to the Proposed Findings and Recommendations (Dkt. No. 14). The Court has reviewed those objections. After a *de novo* review of the record, Proposed Findings and Recommendations, and the objections thereto, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Proposed Findings and Recommendations conclude that Mr. Ward has alleged multiple, unrelated claims, and they are unsuited to prosecution in a single action (Dkt. No. 13, at 3). Judge Volpe invited Mr. Ward to amend his complaint, with instructions on how to proceed (Dkt. No. 6). Mr. Ward chose not to amend his complaint.

As an initial matter, Judge Volpe in the Proposed Findings and Recommendations concludes that only Mr. Ward's allegations of unconstitutional conditions of confinement should remain (Dkt. No. 13, at 3). Judge Volpe concludes that Mr. Ward's claims of deliberate indifference to serious medical need, claims regarding mail delivery, failure to protect claims, freedom of religion claims, failure to train claims, property claims, due process claims, claims regarding the grievance process, retaliation claims, and false disciplinary claims should be

dismissed without prejudice because none of these claims are sufficiently related to proceed in a single action (Dkt. No. 13, at 3-4).

Mr. Ward objects to this conclusion, contending that there is a fact common to all of the named defendants in this action and all of his claims against them: They all work for ADC and hold power over his life and liberty (Dkt. No. 14, at 1). He contends that dismissal is not the proper remedy for misjoinder and that he is permitted to pursue all claims he has against one defendant in a single proceeding. Mr. Ward also contends that because he is a *pro se* litigant, his complaint should be held to a less stringent standard.

The Court acknowledges that *pro se* pleadings are to be construed liberally. However, *pro se* litigants are not excused from failing to comply with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). When faced with a similar situation involving a pro se complaint alleging multiple unrelated claims against multiple defendants, the United States Court of Appeals for the Seventh Circuit had the following observations:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50 claim, 24 defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Eastern District of Arkansas has taken a similar approach, namely that *pro se* litigants cannot avoid the requirements of the Prison Litigation Reform Act by joining in one lawsuit a multitude of unrelated and legally distinct claims involving different defendants. *Fudge v. Hobbs*,

2

No. 2:07-cv-00101 WRW, 2007 WL 2827684 (E.D. Ark. Sept. 27, 2007); *Winnett v. Burls*, No. 2:10-cv-00106 DPM/HDY, 2010 WL 4838455 (Oct. 8, 2010); *Hurdsman v. Wright*, No. 4:15-cv-00090 KGB/JVV, 2015 WL 1932250 (Apr. 28, 2015).

Here, Mr. Ward named 58 defendants in his original 19-page, single spaced, handwritten complaint (Dkt. No. 2). His proposed amended complaint names 40 defendants (Dkt. No. 16). His original complaint contains approximately 21 claims, many with multiple subpoints. His proposed amended complaint contains approximately 40 claims, asserting various claims against various defendants. These claims range from claims of deliberate indifference to medical needs, to claims regarding mail service, freedom of religion claims, retaliation claims, and property claims. This Court has carefully reviewed each of Mr. Ward's allegations in both his original and proposed amended complaint. His proposed amended complaint was filed after Judge Volpe entered the Proposed Findings and Recommendations currently before this Court and after Mr. Ward filed his objections to those Proposed Findings and Recommendations (Dkt. Nos. 13, 14, 16). Mr. Ward also filed several weeks later a motion to correct his proposed amended complaint (Dkt. No. 17).

After the Court's careful review, the Court determines that the single unifying factor, if one exists, is that all of his claims and proposed claims arise as a result of his confinement. This alone is not sufficient to conclude that his claims against the multiple named defendants are sufficiently related such that Mr. Ward should be allowed to pursue them in one proceeding. Therefore, the Court agrees with the conclusion in the Proposed Findings and Recommendations that Mr. Ward's claims of deliberate indifference to serious medical need, claims regarding mail delivery, failure to protect claims, freedom of religion claims, failure to train claims, property claims, due process claims, claims regarding the grievance process, retaliation claims, and false

3

disciplinary claims, should be dismissed without prejudice because none of these claims are sufficiently related to proceed in a single action.

Finally, Judge Volpe in the Proposed Findings and Recommendations also specifically addresses Mr. Ward's conditions of confinement or Eighth Amendment claims against the Arkansas Department of Correction. In doing so, the Proposed Findings and Recommendations conclude that Mr. Ward's Eighth Amendment claims should be dismissed. Judge Volpe analyzed each of Mr. Ward's allegations in this regard, concluding that none were sufficient to survive screening and that many were in fact frivolous, including his claims of not being assigned the job of his choice, not being paid for work, being punished for not working satisfactorily, not being allowed to conduct business as free men, being forced to be dependent on the state, not being allowed to review prison files, not being allowed to engage in sexual relations, being limited on the amount of property inmates may have, not being allowed to view pornography, not being allowed to shower as needed, not being allowed to remove shirts during outside recreation, being forced to endure prison officials using profanity and belittling inmates, being denied commissary items while on restriction, being prevented from fully expressing himself because of censoring, and being denied the opportunity to participate in special projects. Mr. Ward's objections do not include any new factual allegations or argument or otherwise indicate how the record before Judge Volpe was inadequate or lacking. Therefore, the Court adopts the portion of the Proposed Findings and Recommendations dismissing without prejudice Mr. Ward's conditions of confinement or Eighth Amendment claims.

It is, therefore, ordered that all claims in Mr. Ward's complaint are dismissed without prejudice (Dkt. No. 2). His motion to correct or amend his complaint is denied as moot, as this Court reviewed the allegations in his proposed amended complaint when reaching its decision here

(Dkt. No. 17). His motion for default judgment is denied as moot (Dkt. No. 21). His motion for service is denied as moot (Dkt. No. 22). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this the 19th day of June, 2017.

_____
Kristine G. Baker
United States District Judge